UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EDWIN GRIFFIN DAVIS,            )
                                )
            Plaintiff,          )
                                )   Civil Action No. 3:09-CV-062 WL
      v.                        )
                                )
NURSE WINGO, *et al.*,          )
                                )
            Defendants.         )

## OPINION AND ORDER

Edwin Griffin Davis, a *pro se* prisoner, filed a complaint alleging the defendants violated his constitutional right to privacy when non-medical personnel dispensed medication to him. He also alleges the defendant nurse violated his Eighth Amendment rights by prescribing medication to which he was allergic. (Pro Se Complaint, DE # 1).

## SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of

intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations and footnote omitted).[1]

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

## DISCUSSION

---

[1] *See also: Ashcroft v. Iqbal*, 556 U.S.___, 2009 WL 1361536(2009(explaining *Twombley*).

On three separate days during September, 2008, Davis watched Nurse Wingo distribute medications while accompanied by a correctional officer. Each day, rather than doing so herself, the nurse asked the officer who escorted her to take Davis's medication to him. On those occasions the officer gave Davis a "little white envelope" labeled with his name that contained several different colored pills. Because the nurse did not deliver the pills to Davis directly, the first two times this happened he flushed them away. (DE # 1 at 6-9). The third time, Davis ingested the pills after the officer "assured [him] and then reassured [him] that these were in fact [his] medications." At some point after he swallowed the pills, Davis experienced trouble breathing, chest pain, and vomiting, which he contends resulted from an allergic reaction to the medication he received. (Id. at 10-11). Davis names four defendants, Nurse Wingo and the corrections officers who helped her hand out the medication.

Davis first alleges an invasion of his right to privacy in his medical information.(DE # 1 at 15). In *Turner v. Safley*, 482 U.S. 78 (1987) the Supreme Court recognized prisoners retain certain important constitutional protections. The Seventh Circuit has held prisoners have a limited right to privacy against humiliating searches or surveillance of prisoners of one sex by corrections officers of the opposite sex. The appeals court noted that "a different sense of privacy is invaded when prison guards maintain visual surveillance of prisoners of the opposite sex engaged in bathing, urination, or defecation than when they reveal a person's medical history." *Anderson v. Romero*, 72 F.3d 518, 522-23 (7th Cir.1995). Whether prisoners have privacy rights in their prison medical records is an open question in this Circuit. *See Simpson v. Joseph*, No. 06-C-200, 2007 WL 433097 *12-13 (E. D. Wis. February 5, 2007)(discussing cases).

Even if Davis possesses a constitutional right to privacy in his medical information, prison administrators may restrict such rights through policies or regulations that are "'reasonably related to legitimate penological interests,' even when they impinge on inmates constitutional rights."*Beard v. Banks*, 548 U.S. 521 (2006) (quoting *Turner v. Safley*, 482 U.S. 89. (internal quotation marks omitted)). Requiring corrections officers to escort the nurse on rounds serves a legitimate penological purpose to guard against the theft or illegal distribution of drugs. *See Overton v. Bazzetta*, 539 U.S. 126 (2003) (describing "internal security" as "perhaps the most legitimate of penological goals").

Because the correction officers assisted Nurse Wingo in distributing medication to him, Davis complains they were privy to his confidential medical information. The record does not show Nurse Wingo divulged confidential information about Davis by giving the officers his medication in an envelope with his name on it. The officers could have obtained the same information merely observing Nurse Wingo directly give the envelope to Davis. Davis does not allege one could see the contents of the envelopes without looking inside of them. Even if the officers opened the envelopes and saw the pills, however, Davis does not allege and it is not reasonable to infer that they could determine the medical condition or illness for which Davis received treatment merely through such casual observation. When she did not personally give Davis his medications, Nurse Wingo may have violated prison regulations, but her actions did not violate Davis's right to privacy.

Next Davis asserts Nurse Wingo committed medical malpractice by allowing the corrections officer to give him medication that caused an allergic reaction. (DE # 1 at 16). Davis also alleges the guards interfered with his medical treatment by giving him his medication although they were not licensed or otherwise authorized to do so. (DE # 1 at17). This claimed interference seems to rest

4

upon the fact that Davis flushed away his medication the first two times the officers gave it to him. Davis acknowledges the medicine he received was prescribed for him. He also states Nurse Wingo "prescribed inappropriate medications" to him when she handed his medication to the officer. The notion that the nurse's act of transferring the medication to the officer to hand to Davis somehow transformed it so that it caused an allergic reaction or that the officer needed a license to pass the medication to Davis is frivolous.

But, the Court understands Davis to allege Nurse Wingo violated his constitutional rights by prescribing medication for him to which he was allergic. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Without a showing Nurse Wingo knew or should have known about Davis's apparent allergy, it is not reasonable to infer she was deliberately indifferent to the risk he would have an adverse reaction to the medication prescribed for him. Experiencing negative side effects from a prescribed medication is one the general public regularly undergoes. *See Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (noting exposure to hazards faced daily by members of the public at large does not constitute a violation of the Eighth Amendment.). Here, at best, Davis merely alleges that Nurse Wingo may have been negligent and the factual basis he has provided presents no reason to think otherwise.

Though Davis may have a state law claim against the nurse, he does not have a federal law claim. Because Davis does not state a claim on his federal cause of action, the Court will not exercise supplemental jurisdiction over his state law claim.

For the foregoing reasons, the Court:

(1) **DISMISSES**, the complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim for which relief may be granted; and

(2) **DECLINES**, pursuant to 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction over the remaining state law claim.

**SO ORDERED.**

**ENTERED**: June  23 , 2009.

s/William C. Lee
William C. Lee, Judge
United States District Court